# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JACQUELINE HOWARD,<br><br>Plaintiff,<br><br>UNITEDHEALTHCARE OF WISCONSIN INC. and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Subrogated Plaintiffs,<br><br>v.<br><br>WAL-MART STORES INC., BLUME SPE SAUKVILLE LLC, BENENSON CAPITAL COMPANY, ABC CORPORATION, JOHN DOE, DEF INSURANCE COMPANY, GHI INSURANCE COMPANY, JKL INSURANCE COMPANY, and MNO INSURANCE COMPANY,<br><br>Defendants. | Case No. 18-CV-431-JPS<br><br><br><br><br><br><br><br><br><br><br>**ORDER** |

Plaintiff filed this action in Milwaukee County Circuit Court on February 1, 2018. The action was removed to this Court on March 16, 2018. (Docket #1). Plaintiff alleges a slip and fall outside a Walmart store located in Saukville, Wisconsin. One portion of the plot on which the store sits is owned by Walmart itself, while two other portions are owned by two other entities, Blume SPE Saukville LLC ("Blume") and Benenson Capital Company ("Benenson"). Counsel have entered on behalf of Wal-Mart

Stores Inc., Blume, and each of the other named parties, but Benenson has not appeared in this proceeding.

This matter is before the Court on the issue of service of process. Federal Rule of Civil Procedure 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Although the Rule sets the service deadline based on the filing of a complaint, the same Rule governs service after a case is removed from state court. Upon removal, Plaintiff was afforded a fresh period for service pursuant to 28 U.S.C. § 1448. She was required to effect service within ninety days of removal, *UWM Student Assoc. v. Lovell*, 888 F.3d 854, 859 (7th Cir. 2018), which in this case was June 14, 2018.

No federal summons were ever requested or issued for Benenson, and no return of service, relating to either the state or federal proceedings, was ever filed as to it. Because the time for service has expired, in order to effect proper service on Benenson, Plaintiff now needs the Court's permission, which in turn requires a showing of good cause for the failure to serve within the original service period. Consequently, **within fourteen (14) days of the entry of this Order**, Plaintiff must provide evidence of timely service or otherwise explain why good cause exists to extend the Rule 4(m) deadline as to Benenson. Why service has not yet been achieved is puzzling; it seems Plaintiff has made no effort at all to comply with her obligations under Rule 4. The Court leaves it to Plaintiff to offer good

reasons why service was not achieved within the ample period afforded under Rule 4(m). Failure to do so will result in dismissal of Benenson without prejudice.[1]

Accordingly,

**IT IS ORDERED** that, **within fourteen (14) days of the entry of this Order**, Plaintiff must provide evidence of timely service or otherwise explain why good cause exists to extend the Federal Rule of Civil Procedure 4(m) deadline for service as to Defendant Benenson Capital Company.

Dated at Milwaukee, Wisconsin, this 19th day of June, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[1] In addition to the complete failure to seek service upon Benenson, it is unclear whether Plaintiff timely and properly served Blume. No return of service was ever filed even though counsel has entered on behalf of Blume.