# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JACQUELINE HOWARD,

               Plaintiff,

v.

WAL-MART STORES EAST I, LP,
BLUME SPE SAUKVILLE LLC,
NATE'S LAWN MAINTENANCE,
INC., and ABC INSURANCE
COMPANY,

               Defendants,

UNITEDHEALTHCARE OF
WISCONSIN INC. and U.S.
DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

               Subrogated Defendants.

Case No. 18-CV-431-JPS

**ORDER**

Plaintiff Jacqueline Howard ("Howard") filed this action in Milwaukee County Circuit Court on February 1, 2018. The case was removed to this Court on March 16, 2018. (Docket #1). Howard alleges that she was injured in a slip and fall outside a Walmart store located in Saukville, Wisconsin. This Order addresses the matter of the propriety of the Court's continuing exercise of subject-matter jurisdiction over this action.

Federal courts cannot act without subject-matter jurisdiction. *Gonzalez v. Thayer*, 565 U.S. 134, 141 (2012). So important is this principle that the Supreme Court and the Federal Rules of Civil Procedure obligate

district courts to consider *sua sponte* any potential jurisdictional defects, even if the parties have disclaimed or have not raised them. Fed. R. Civ. P. 12(h)(3); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 468, 434 (2011). Indeed, even a case that has been tried must be dismissed if it is later determined that the court lacked subject-matter jurisdiction. *Henderson*, 562 U.S. at 434. But whether or not "many months of work on the part of the attorneys and the court may be wasted," a failure of subject-matter jurisdiction has only one permissible consequence: dismissal. *Id*

A federal district court's subject-matter jurisdiction is generally limited to two types of suits: (1) those between citizens of different States, called diversity jurisdiction, pursuant to 28 U.S.C. § 1332; and (2) those involving causes of action arising under federal law, known as federal question jurisdiction, pursuant to 28 U.S.C. § 1331. Howard asserts only state law claims, so there is no colorable basis for federal question jurisdiction in this case. *See* (Docket #1-2, #21).

The action was instead removed on the basis of diversity jurisdiction. To properly exercise diversity jurisdiction over an action, the Court must be satisfied that, in addition to an amount in controversy exceeding $75,000, there is complete diversity between the parties—that is, there are no plaintiffs who are citizens of the same State as any of the defendants. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). A corporation is considered a citizen of the State where it is incorporated and the State where it maintains its principal place of business. 28 U.S.C. § 1332(c). An individual is a citizen of the State in which she is domiciled. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992).

At the time of removal, it seemed the exercise of diversity jurisdiction was proper. Howard, who lives in Milwaukee, is almost certainly a domiciliary and citizen of Wisconsin, as is subrogated plaintiff UnitedHealthcare of Wisconsin, Inc. ("United"), joined pursuant to Wis. Stat. § 803.03(2), since it is a domestic corporation with its principal place of business in this State. (Docket #1-2 at 4). The other subrogated plaintiff, the U.S. Department of Health and Human Services ("HHS"), joined pursuant to 42 U.S.C. § 1395y(b)(2), is not considered a citizen of any State for diversity purposes. *See id.* at 5; *Comm. Union Ins. Co. v. United States*, 999 F.2d 581, 584 (D.C. Cir. 1993); *Gen. Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 703 (7th Cir. 1991).[1]

On the other side of the case, Defendant Wal-Mart Stores East, LP (at that time, named as Wal-mart Stores, Inc.) ("Wal-Mart") is a Delaware corporation with its principal place of business in Bentonville, Arkansas. (Docket #1-2 at 5). Defendant Blume SPE Saukville, LLC ("Blume") is alleged to be a Pennsylvania corporation with its principal place of business in Philadelphia. *Id.*[2] Defendant Benenson Capital Company, which was

---

[1]Joinder of HHS pursuant to Section 1395y(b)(2) does not raise a federal question, as its subrogated right to relief is determined by state law. *See* 42 U.S.C. § 1395y(b)(2)(iv) (requiring plaintiffs to list HHS as a subrogated party while creating no right of action); *Plante v. Dake*, 1:14-cv-106, 2014 WL 11460541, at *3 (N.D.N.Y. Aug. 1, 2014) (finding no federal question at issue in disputed claim of negligence for a slip and fall). Similarly, because there are no claims asserted against HHS itself, *Corcoran* does not required dismissal of the suit. *Corcoran*, 921 F.2d at 703 ("[A]gencies of the United States. . .cannot be sued in diversity.").

[2]Howard alleges that Blume is a corporation although its name suggests it is a limited liability company. As any law student can recite, the two business associations are treated very differently under Section 1332. A corporation has only two potential State citizenships, as noted above. An LLC, by contrast, has the citizenship of *each* of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). If those members are LLCs, too, the Court must analyze the members' members as well, usually until each member is either an individual or a

eventually dismissed from this action for failure to effectuate service, (Docket #10), was alleged to be a New York corporation with its principal place of business in that State, (Docket #1-2 at 6). The remaining defendants were either John Does or fictitious names for insurance providers named as such pursuant to Wis. Stat. § 807.12. *Id.* at 6–7.

Thus, at the time of removal, it did not appear that any State citizenship overlapped between the plaintiffs and the defendants. On September 14, 2018, Howard filed an amended complaint raising state law claims similar to those in the original. (Docket #21); Fed. R. Civ. P. 15(a)(2). The primary purpose of the amendment appears to be the addition and removal of parties.[3] Toward that end, the parties now stand with Howard and the two subrogated plaintiffs against Wal-Mart, Blume, a fictitious insurance company, and, most importantly, Nate's Lawn Maintenance, Inc. ("Nate's Lawn Maintenance"), a domestic corporation with its principal

_____

corporation. *Id.* In this instance, Howard should have described the membership of Blume in the complaint to enable the Court to make a jurisdictional assessment, but she did not. However, given that Blume is based in Pennsylvania, the Court did not detect the potential problem at the outset. The parties should address Blume's citizenship in the briefing ordered herein.

[3]Howard did not ask the Court's leave to file the amended complaint, nor does she report whether Defendants consented to its filing. Her time to amend as of right has long since expired. If the propriety of the amended complaint needs to be addressed, the parties may do so in the briefing which the Court orders herein. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). Defendants should note that if the amendment is challenged, the Court will be disposed to allow it in any event, as reforming the parties after discovery is an ordinary and accepted purpose for amending a complaint. *See* Fed. R. Civ. P. 15(a)(2) (courts "should freely give leave [to amend] when justice so requires"); *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357 (7th Cir. 2015) (courts must allow amended unless there is a good reason to deny it, such as undue delay, bad faith, undue prejudice, or futility).

place of business in Belgium, Wisconsin. (Docket #21 at 1–4).[4] Howard alleges that Nate's Lawn Maintenance failed to salt the icy sidewalk in front of the Walmart as it was supposed to do, contributing to her injuries. *Id.* ¶ 12. Given the joinder of Nate's Lawn Maintenance, it now appears that Wisconsin citizens are opponents in this action, which destroys the Court's diversity jurisdiction. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763–64 (7th Cir. 2009) (joinder of nondiverse defendant eliminates diversity unless it is done "simply to destroy diversity jurisdiction").

Having detected a fatal flaw in the Court's subject-matter jurisdiction in this case, the usual remedy would be immediate remand back to the state court. 28 U.S.C. § 1447(c). However, to confirm that the above analysis contains no material errors or omissions, the Court will give the parties an opportunity to submit briefs on the jurisdictional question before it dismisses the case. Since Defendants bear the burden to show that removal remains proper, *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (party asserting the existence of jurisdiction bears the burden to prove the same), they will file a joint brief on the matter within fourteen days. Howard must respond within seven days thereafter. No additional briefs are to be submitted. The Court will thereafter make a

---

[4]In the amended complaint, Howard shifts United and HHS from their position as subrogated plaintiffs to being subrogated defendants. (Docket #21 at 3–4). Why she made this change is unclear; under the terms of Wis. Stat. 803.03(2), a subrogated party is to be joined on the same side of the action as the party to whom its rights are subrogated. *See* Wis. Stat. § 803.03(2)(a). This makes sense, since here Howard has no claim for relief against these entities. Instead, they have a right to part of her recovery against the defendants. As with the Blume citizenship foible, *see supra* note 2, this may simply be a drafting error, or the parties may ascribe some substance to it. As with the rest of the problems with jurisdiction, the proper position of the subrogated parties should be addressed in the briefing ordered herein.

determination of its jurisdiction and either allow the case to proceed or remand it to the state court.

Accordingly,

**IT IS ORDERED** that Defendants shall file a joint brief on the propriety of the Court's subject-matter jurisdiction in this action no later than **fourteen (14) days** from the date of this Order. Plaintiff shall respond no later than **seven (7) days** from the filing of Defendants' brief. Each brief must not exceed fifteen (15) pages in length. No further briefs on the issue will be permitted.

Dated at Milwaukee, Wisconsin, this 18th day of September, 2018.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge