# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JACQUELINE HOWARD,<br><br>                Plaintiff,<br><br>and<br><br>UNITEDHEALTHCARE OF WISCONSIN INC. and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>                Subrogated Plaintiffs,<br><br>v.<br><br>WAL-MART STORES EAST I, LP, BLUME SPE SAUKVILLE LLC, NATE'S LAWN MAINTENANCE, INC., and ABC INSURANCE COMPANY,<br><br>                Defendants. | Case No. 18-CV-431-JPS<br><br><br><br>**ORDER** |

      Plaintiff alleges that she slipped and fell on a patch of ice outside of a Walmart store in Saukville, Wisconsin. (Docket #1-2). Plaintiff's original complaint named a fictitious entity of unknown citizenship which she believed may have performed maintenance on that Walmart property. *Id.* at 6. This action was removed from state court by Walmart on the basis of diversity jurisdiction. (Docket #1). Plaintiff determined the identity of the fictitious entity, Nate's Lawn Maintenance ("Nate's"), in discovery. She thereafter amended her complaint to identify Nate's by name, state its citizenship, and specifically allege that it failed to perform its contractual

ice removal duties. (Docket #21 at 3–5). Indeed, right after Plaintiff's fall, a Walmart employee told her that the iciness was a result of Nate's failure to salt the area. *Id.* at 5.

Plaintiff is a Wisconsin citizen and Nate's is a Wisconsin corporation. Thus, complete diversity of the parties is destroyed, along with the Court's subject-matter jurisdiction. Defendants seek to stave off remand by asserting the "time-of-filing" rule. The time-of-filing rule states that "jurisdiction once properly invoked is not lost by developments after a suit is filed, such as a change in the state of which a party is a citizen that destroys diversity." *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 807 (7th Cir. 2010). That is not what happened here, however. A company in the role Nate's now occupies was contemplated from the outset of this lawsuit, but Plaintiff did not know its true role in the case or its citizenship. Of course, Defendants themselves have always known of Nate's existence and its Wisconsin citizenship. Having finally obtained that information herself, Plaintiff substituted Nate's for the fictitious maintenance company. Nothing about any of the parties themselves has changed; for instance, Plaintiff did not move to Arkansas to defeat diversity with Walmart. *See BI3, Inc. v. Hamor*, No. 08-CV-2384, 2011 WL 5023394, at *4–11 (N.D. Ill. Oct. 20, 2011) (denying a motion to dismiss on the time-of-filing principle where, during the pendency of the lawsuit, a plaintiff moved to a state where a defendant also resided).

Walmart, as the removing party, "has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). It has not carried this burden. Plaintiff has substituted in an

indispensable defendant which was contemplated by her, and known to Defendants, from the beginning of this case. *See Cunningham*, 592 F.3d at 807 (subject-matter jurisdiction does not continue if it is later discovered that there was no such jurisdiction at the outset, even when jurisdiction was not questioned at the time of removal). Defendants concede that Nate's inclusion defeats diversity, (Docket #27 at 3), and do not argue that Nate's is a dispensable party or that Plaintiff seeks to join Nate's in this case fraudulently, *id.* at 4; *Schur*, 577 F.3d at 763–67. This action must, therefore, be remanded to state court for lack of subject-matter jurisdiction.

Accordingly,

**IT IS ORDERED** that the Clerk of the Court take all appropriate steps to effectuate the remand of this case back to the Milwaukee County Circuit Court.

Dated at Milwaukee, Wisconsin, this 11th day of October, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge